UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMPLOYERS INSURANCE COMPANY OF WAUSAU; LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL INSURANCE CORPORATION and LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br><br>Plaintiffs,<br><br>- v. -<br><br>RIVER FRONT RECYCLING AND AGGREGATE LLC<br><br><br>Defendant. | Civil Action No.: 1:18-cv-01527-RBK-KMW |

## STIPULATION AND ORDER OF SETTLEMENT

**WHEREAS**, plaintiffs, EMPLOYERS INSURANCE COMPANY OF WAUSAU,

LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL INSURANCE CORPORATION

and LIBERTY MUTUAL FIRE INSURANCE COMPANY (collectively, "Liberty") commenced

the above-entitled action on or about February 8, 2018, against defendant RIVER

FRONT RECYCLYING AND AGGREGATE LLC ("River Front") seeking recovery of

$194,861.81 plus interest with respect to outstanding premiums, surcharges and/or

paid losses allegedly due and owing with respect to the following commercial insurance

policies:

      A.     The Commercial General Liability Policy issued to River Front by Liberty

            Insurance Corporation, policy no. TB7-Z31-509836-035, with a policy

            period from September 9, 2015 to September 9, 2016;

1

B.    The Workers Compensation Policy issued to River Front by Employers Insurance Company of Wausau, policy number WCC-Z31-509836-045, with a policy period from September 1, 2015 to September 1, 2016;

C.    The Business Auto Policy issued to River Front by Liberty Mutual Insurance Corp., policy number AS5-Z31-509836-024, with a policy period from September 1, 2014 to September 1, 2015; and

D.    The Business Auto Policy issued to River Front by Liberty Mutual Fire Insurance Co., policy number AS5-Z31-509836-025, with a policy period from September 1, 2015 to September 1, 2016 (collectively the "Policies");

**WHEREAS**, Liberty and River Front are desirous of resolving the issues remaining in the above-entitled action, which concern River Front's obligations to pay outstanding premiums, surcharges and/or paid losses allegedly due and owing for the Policies, without incurring further costs and expenses;

**NOW, THEREFORE**, in consideration of the above premises, it is stipulated to and agreed by the parties as follows:

1.    **Amount Due.**  River Front agrees and acknowledges that the amount due to Liberty for premiums, surcharges and/or paid losses on the Policies is $177,147.10 as of the date of the last invoice issued to River Front on June 28, 2017 (the "Amount Due").

2.    **Settlement Sum.** (a) River Front agrees to pay, and Liberty agrees to accept, in full satisfaction of the Amount Due, including all causes of action alleged in the above-captioned action, the sum of one hundred seventy-seven, one hundred fourth seven dollars and ten cents ($177,147.10) in accordance with the following payment provisions:

2

a.   Within one week of the filing of this Stipulation, River Front shall pay to Liberty the sum of twelve thousand six hundred and fifty three dollars and thirty seven cents ($12,653.57);

b.   On or before June 1, 2018, River Front shall pay to Liberty the sum of twelve thousand six hundred and fifty three dollars and thirty seven cents ($12,653.57);

c.   On or before July 1, 2018, River Front shall pay to Liberty the sum of seventeen twelve thousand seven six hundred and fourteen fifty three dollars and seventy one thirty seven cents ($12,653.57);

d.   On or before August 1, 2018, River Front shall pay to Liberty the sum of twelve thousand six hundred and fifty three dollars and thirty seven cents ($12,653.57);

e.   On or before September 1, 2018, River Front shall pay to Liberty the sum of twelve thousand six hundred and fifty three dollars and thirty seven cents ($12,653.57);

f.   On or before October 1, 2018, River Front shall pay to Liberty the sum of twelve thousand six hundred and fifty three dollars and thirty seven cents ($12,653.57);

g.   On or before November 1, 2018, River Front shall pay to Liberty the sum of twelve thousand six hundred and fifty three dollars and thirty seven cents ($12,653.57);

3

h.    On or before December 1, 2018, River Front shall pay to
Liberty the sum of twelve thousand six hundred and fifty
three dollars and thirty seven cents ($12,653.57);

i.    On or before January 1, 2019, River Front shall pay to Liberty
the sum of twelve thousand six hundred and fifty three
dollars and thirty seven cents ($12,653.57);

j.    On or before February 1, 2019, River Front shall pay to
Liberty the sum of twelve thousand six hundred and fifty
three dollars and thirty seven cents ($12,653.57);

k.    On or before March 1, 2019, River Front shall pay to Liberty
the sum of twelve thousand six hundred and fifty three
dollars and thirty seven cents ($12,653.57);

l.    On or before April 1, 2019, River Front shall pay to Liberty
the sum of twelve thousand six hundred and fifty three
dollars and thirty seven cents ($12,653.57);

m.    On or before May 1, 2019, River Front shall pay to Liberty the
sum of twelve thousand six hundred and fifty three dollars
and thirty seven cents ($12,653.57); and

n.    On or before June 1, 2019, River Front shall pay to Liberty
the sum of twelve thousand six hundred and fifty three
dollars and thirty seven cents ($12,653.57).

(b)    All payments shall be made by check payable to "Liberty Mutual
Insurance" and shall be delivered to Liberty's authorized agent at the notice address set
forth in paragraph 4 of this Stipulation, which address may be changed in the manner

4

set forth therein.  A payment shall be deemed made on the date the check is actually received at the notice address.

3.     **Default.** (a) Except as set forth in subparagraph (b) herein, in the event River Front defaults under any provision of this Stipulation, River Front shall have seven (7) business days after written notice is electronically mailed and sent by regular mail to River Front to cure such a default.

(b)     If any of the checks are returned as being uncollectible because of insufficient funds, in addition to what other monies may be due and owing hereunder, River Front shall promptly pay to Liberty a processing fee of $50 for each check.

(c)     In the event of a default by River Front of the terms of this Stipulation, subject to the notice and cure provisions stated hereinabove, Employers Insurance Company of Wausau, Liberty Insurance Corporation, Liberty Mutual Fire Insurance Company, and Liberty Mutual Insurance Corporation, who all have a principal place of business located at 175 Berkley Street, Boston, Massachusetts, shall have the right, without further notice to River Front, to enter judgment against River Front, with its principal place of business located at 20 Maple Avenue, Lumberton, New Jersey 08048, in the sum of the Amount Due, plus costs, disbursements, and any unpaid fees incurred pursuant to subparagraph (b) of this section, minus payments actually received hereunder as of the date of the default.  Judgment may be entered against River Front by direct application by Plaintiffs to the Court with an affidavit showing facts that a default without cure has occurred herein.

(d)     River Front hereby waives all defenses, in law or in equity, it now has or may have in the future, to the claims asserted by Liberty in the above-captioned action, including, but not limited to, the defense of lack of personal jurisdiction.

4.    **Notice.**  The notice addresses for Liberty and River Front are as follows:

> Liberty:
>
>> Jaffe & Asher LLP
>> Attn: Michael DiCanio, Esq.
>> 80 East Ridgewood Avenue
>> Paramus, New Jersey 07652
>> Email: mdicanio@jaffeandasher.com
>
> River Front:
>
>> River Front Recycling & Aggregate, LLC
>> 20 Maple Avenue
>> Lumberton, New Jersey 08048
>
> With a copy to:
>
>> Berkowitz & Associate, P.C.
>> Attn: Steven Berkowitz, Esquire
>> 10,000 Lincoln Drive East
>> Marlton, New Jersey 08053

All notices shall be sent by electronic mail and regular mail to the aforementioned addresses. Failure by any party to receive actual notice shall not invalidate any notice given. A notice address may be changed by five (5) business days written notice to the other party to this Stipulation.

5.    **Retention of Jurisdiction and Continuation of Action.**  The Court shall retain jurisdiction over this matter to enforce this Stipulation during the period payments are due to be made hereunder.

6.    **Entire Agreement.**  No amendment or waiver of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by each of the parties hereto. This Stipulation constitutes the entire agreement among the parties with respect to the subject matter hereof. There are no other agreements, representations, or warranties among the parties not expressly set forth herein.

7.     **Waiver.** No failure on the part of Liberty to exercise, and no delay in exercising, any right hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right hereunder preclude any other or further exercise thereof or the exercise of any other right.

8.     **Governing Law.** This Stipulation shall be governed and construed in accordance with the laws of the State of New Jersey without regard to conflict of law principles.

9.     **Authority.** Each signatory to this Stipulation represents and warrants that he or she is authorized to sign on behalf of and bind his or her respective client to this Stipulation.

Dated:      Camden, New Jersey
            May 19, 2018

JAFFE & ASHER LLP

By: _____
      Michael DiCanio, Esq.
      Jaffe & Asher, LLP
      80 East Ridgewood Avenue
      Paramus, New Jersey 07652
      Tel: 646-313-2549
      *Attorneys for Plaintiffs*
LLC

Berkowitz & Associates, P.C.

By: _____
      Digitally signed by Steven A. Berkowitz
      Date: 2018.05.19 13:59:23
      Steven Berkowitz, Esquire
      10000 Lincoln Drive, Suite 202
      Marlton, New Jersey 08053
      Tel: 856-350-6060
      *Attorneys for Defendant*
      *River Front Recycling and Aggregate*

**SO ORDERED:**

_____  5/25/18
Hon. Robert B. Kugler, United States District Judge

7